## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THOMAS STEED,<br><br>    Plaintiff<br><br>V.<br><br>PAUL N. HULTGREN,<br><br>    Defendant. | Civil Action No. 15-cv-11638<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Thomas Steed ("Steed" or "Plaintiff"), brings this action against Defendants, Paul N. Hultgren ("Hultgren" or "Defendant") for a declaratory judgment pursuant to 28 U.S.C. 2201 and 2202, for breach of contract, for breach of the covenant of good faith and fair dealing, for infringement of common law trademark, and for unfair competition under the Lanham Act (15 U.S.C. § 1125(A)).  Steed hereby alleges as follows:

### THE PARTIES

1.      Plaintiff, Thomas Steed, is an individual residing at 52 Pinehurst Avenue, Billerica, Massachusetts  01821.  Plaintiff is the owner of a common law trademark for "Mr. Boston."™

2.      Upon information and belief, Paul N. Hultgren is an individual residing at 24 Terrace Hill Drive, Guilford, New Hampshire 02349.

### JURISDICTION AND VENUE

3.      This is a civil action seeking damages and declaratory relief pursuant to 28 U.S.C. 2201 and 2202, and injunctive relief for common law trademark infringement.

{}

4.      The amount in controversy exceeds $75,000.  Therefore, this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338(a).

5.      This Court has personal jurisdiction over Hultgren and Leigh pursuant to the Massachusetts Long-Arm Statute, Mass. Gen. Laws. ch. 223A, § 3, and under federal due process principles.

6.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and/or § 1400(a).

## THE ASSERTED TRADEMARK

7.      Plaintiff has been using the "Mr. Boston"™ trademark in commerce in connection with drag racing and entertainment services in the nature of automobile racing and exhibitions since as early as 1972.  A true and correct copy showing Plaintiff's use of the mark is attached hereto as Exhibit A.

8.      On May 14, 2014, Plaintiff filed Trademark Application Serial No. 86/280,852 with the United States Patent and Trademark Office ("USPTO") for MR. BOSTON MOTOR SPORTS NOSTAGIA TOP FUEL DRAGSTER™ (the "MR. BOSTON MARK") for entertainment services in the nature of automobile racing and exhibitions in International Class 041.  A true and correct copy of Plaintiff's Trademark Application is attached hereto as Exhibit B.

9.      On January 13, 2015, the MR. BOSTON MARK was published for opposition by the USPTO.

10.      On February 11, 2015, Hultgren filed for a thirty day extension to oppose the issuance of the MR. BOSTON MARK.  On March 13, 2015, Hultgren filed for an additional sixty day extension to oppose the issuance of the MR. BOSTON MARK.  True and accurate copies of the extensions are attached hereto as Exhibit C.

11.     On March 11, 2015, Hultgren filed Trademark Application Serial No. 86/560,452 with the USPTO for "Mr. Boston" for entertainment services in the nature of automobile racing, events and exhibitions; entertainment services, namely, performing and competing in motor sports events; entertainment services, namely, personal appearances by race car drivers and motorsports competitors; entertainment services, namely, participation in sports car races, rally races and other such races; automotive exhibition and competition services, namely, automotive show exhibitions and competitions, automotive drag racing competitions; entertainment services, namely, participation in drag racing events; racing of drag racing vehicles, namely, participating in professional drag races and exhibitions in International Class 041.  A true and accurate copy of Hultgren's Trademark Application is attached hereto as <u>Exhibit D</u>.

12.     Plaintiff and Hultgren have each applied for federal trademark protection for marks that include the name "Mr. Boston" for use with services in the same industry, namely, automotive racing and exhibitions.

13.     An actual controversy has arisen and now exists between Plaintiff and Hultgren with respect to ownership of the MR. BOSTON MARK.

## FACTUAL ALLEGATIONS

14.     The Plaintiff incorporates the previous paragraphs of this Complaint by reference and realleges them as if originally and fully set forth herein.

15.     Beginning in 1971, Plaintiff has used the MR. BOSTON MARK to market, sell and identify his automobile racing and exhibition services in various states throughout the United States.  As a result of his continuous use of the MR. BOSTON MARK over four to five decades, Plaintiff and his services have become known as "Mr. Boston" in the drag racing sport.

16.     Plaintiff has used the MR. BOSTON MARK on race cars that he has been the driver of, and marketing materials since 1971.  As a result of Plaintiff's use of the MR. BOSTON MARK, and through extensive advertising and promotional efforts, the MR. BOSTON MARK has become recognized as identifying the services of Plaintiff, and Plaintiff has built up substantial good will in the MR. BOSTON MARK.

17.     In January 2008, Hultgren approached Plaintiff and asked him to maintain and race a top fuel dragster owned by Hultgren (the "Car").  Plaintiff agreed to maintain and race the Car, to place his MR. BOSTON MARK on the Car, and to advertise at exhibitions and races in multiple states.

18.     Plaintiff and Hultgren agreed that all costs associated with maintaining and racing the car would either be paid from prize money earned from racing the Car, or would be reimbursed by Hultgren to Plaintiff (the "Agreement").

19.     All prize money received from racing the Car was paid to Plaintiff directly.

20.     Plaintiff opened a bank account in the name "Mr. Boston Motorsports" to hold the prize money and pay vendors for supplying parts for the Car.  Plaintiff was the only signatory on the account.

21.     Plaintiff and Hultgren conducted business pursuant to the terms of the Agreement for four years.  When costs associated with maintenance, travel and/or race entry fees accrued, and were not paid by prize money, Plaintiff would submit receipts to Hultgren for reimbursement.  Hultgren would then make payment to Plaintiff, always in cash.

22.     At all times that Plaintiff maintained and raced Hultgren's Car, he marketed his services under the MR. BOSTON MARK.

23.     In 2011, Plaintiff and Hultgren parted ways and Plaintiff no longer maintained and raced the Car.

24.     On September 7, 2011, at Hultgren's request, Plaintiff mailed invoices to Hultgren for costs associated with maintenance of the Car.  The invoices total $31,404.64, and were paid in full by Plaintiff.

25.     Hultgren responded that he would not pay the invoice amounts, and gave no legitimate reason for failure to make payment under the terms of the Agreement.

26.     Following 2011, Plaintiff continued to use the MR. BOSTON MARK to identify his car racing and exhibition services.

27.     Upon information and belief, Hultgren also began using the MR. BOSTON MARK to identify his car racing and exhibition services.

28.     Hultgren has never received a license or permission to use Plaintiff's MR. BOSTON MARK.  Upon information and belief, Hultgren is aware that Plaintiff is the owner of the MR. BOSTON MARK and is improperly using the mark to gain an unfair business advantage.

29.     On May 14, 2014, Plaintiff filed for federal trademark protection of the MR. BOSTON MARK (See paragraph 9 above).

30.     On March 13, 2015, Hultgren, through counsel, sent a cease and desist letter to Plaintiff stating that the MR. BOSTON MARK is the property of Hultgren and that Plaintiff must immediately expressly abandon his trademark application and provide written assurance that he will not use the mark, or any mark that is confusingly similar, in the future.  Further, Hultgren states that Plaintiff may held liable for trademark infringement and assessed damages that could include lost profits, attorneys' fees and costs, and enhanced damages if the

infringement is determined to be willful. A true and accurate copy of the March 13, 2015 letter is attached hereto as <u>Exhibit E</u>.

31. On February 11, 2015, and again on March 13, 2015, Hultgren filed for extensions of time with the PTO to object to the issuance of Plaintiff's trademark registration.

**COUNT ONE
<u>DECLARATORY JUDGEMENT</u>**

32. The Plaintiff incorporates the previous paragraphs of this Complaint by reference and realleges them as if originally and fully set forth herein.

33. An actual controversy has arisen and now exists between Plaintiff and Hultgren with respect to use and registration of the MR. BOSTON MARK.

34. Pursuant to 28 U.S.C. sections 2201 and 2202, a judicial determination of the respective rights of the parties with respect to the right to the MR. BOSTON MARK and race car costs is necessary and appropriate under the circumstances.

**COUNT TWO
<u>BREACH OF CONTRACT</u>**

35. The Plaintiff incorporates the previous paragraphs of this Complaint by reference and realleges them as if originally and fully set forth herein.

36. Hultgren expressly and impliedly agreed to pay Plaintiff for all costs associated with maintenance and racing of the Car.

37. Plaintiff provided all agreed upon maintenance services to Hultgren relating to the Car, and is in compliance with the parties' agreement.

38. Hultgren breached his contract with Plaintiff as specified above.

39. Plaintiff has been harmed as a result of Hultgren's breach.

40. Plaintiff has performed all of his obligations under the parties' agreement.

**COUNT THREE**
**BREACH OF THE IMPLIED COVENANT OF**
**GOOD FAITH AND FAIR DEALING**

41.     The Plaintiff incorporates the previous paragraphs of this Complaint by reference and realleges them as if originally and fully set forth herein.

42.     In addition to the express terms of the parties' agreement, there is an implied covenant that the parties shall act in good faith, deal fairly with one another, and not undertake efforts that would deprive the other of the benefits of the Agreement.

43.     At all pertinent times, Plaintiff acted in good faith and acted fairly with Hultgren in connection with the Agreement.

44.     As set forth above, Hultgren failed to act in good faith and deal fairly with Plaintiff.

45.     As a result of his bad faith and unfair dealing, Hultgren has deprived Plaintiff of the benefits he was entitled to receive under the Agreement.

46.     As a direct and proximate result of Hultgren's breach of the implied covenant of good faith and fair dealing, Plaintiff sustained damages.

**COUNT FOUR**
**COMMON LAW TRADEMARK INFRINGEMENT**
**OF THE "MR. BOSTON"™ TRADEMARK**

47.     The Plaintiff incorporates the previous paragraphs of this Complaint by reference and realleges them as if originally and fully set forth herein.

48.     The Plaintiff has been continuously using the "Mr. Boston"™ trademark since at least as early as 1972.

49.     Hultgren has knowingly and intentionally infringed, and continues to infringe, the "Mr. Boston"™ trademark in violation of Massachusetts common law and will continue to do so unless enjoined by this Court.

50.     Such use is without permission or authority of Plaintiff and is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, or association of Hultgren with Plaintiff, and as to the origin, sponsorship, or approval of Hultgren's services, by Plaintiff.

51.     As a direct and proximate consequence of Hultgren's infringing acts, Plaintiff has suffered and will continue to suffer injury and damages, and unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and will suffer and continue to suffer injury and damages which are causing irreparable harm and for which Plaintiff is entitled to relief.

52.     Upon information and belief, the aforementioned infringement is knowing, intentional and willful.

## COUNT FIVE
## FALSE DESIGNATION -- LANHAM TRADEMARK ACT, 15 U.S.C. § 1125(a)

53.     The Plaintiff incorporates the previous paragraphs of this Complaint by reference and realleges them as if originally and fully set forth herein.

54.     Plaintiff is the owner of the common law trademark "Mr. Boston"™ which is valid and subsisting.

55.     Hultgren has, on or in connection with his services, used in commerce and continues to use in commerce, Plaintiff's "Mr. Boston"™ mark.

56.     Such use is without permission or authority of Plaintiff and is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, or association of

Hultgren with Plaintiff, and as to the origin, sponsorship, or approval of Hultgren's services, by Plaintiff.

57.     Hultgren's violation of Plaintiff's rights in the "Mr. Boston"™ mark is knowing, willful, deliberate, fraudulent, and intentional, and was made with the knowledge that such violation would damage Plaintiff and his trademark.

58.     As a direct result of Hultgren's wrongful conduct, as aforesaid, Plaintiff has suffered, and will continue to suffer, actual monetary damages in an amount to be established at trial.

59.     As a direct result of Hultgren's violations, as aforesaid, Plaintiff has suffered and will continue to suffer irreparable harm, including but not limited to, irreparable harm to Plaintiff's goodwill associated with its trademark and reputation, for which there is no adequate remedy at law.

60.     Hultgren is liable for unfair competition pursuant to Sec. 43 of the Lanham Act, 15 U.S.C. §1125.


## **DEMANDS FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

1.     Enter a judgment against Hultgren declaring that Hultgren is in breach of contract and the covenant of good faith and fair dealing, and is legally and financially responsible for the damages that Plaintiff sustained or incurred;

2.     Preliminary and permanently enjoining Hultgren from further use of the MR. BOSTON MARK;

3.     Issue a judicial declaration that Plaintiff is the owner of the MR. BOSTON MARK, and that Hultgren has infringed the MR. BOSTON MARK;

4.      Issue a judicial declaration that the foregoing was willful and knowing;

5.      Award Plaintiff compensatory damages against Hultgren in an amount equal to

the damages he has incurred;

## JURY DEMAND

Plaintiff demands a trial by jury on all counts of this Complaint so triable.


THOMAS STEED,

By its attorneys,


      /s/ John T. McInnes
John T. McInnes, Esq.
BBO # 657488
Jodi-Ann McLane
BBO # 635567
Dingman, McInnes & McLane, LLP
114 Worcester Road, Suite 108
Westborough, MA  01581
Phone: (508) 938-1567
Fax:    (508) 898-9498

Dated:  _____April 17, 2015_____